# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0954 | **DATE** | February 17, 2012 |
| **CASE TITLE** | Rocky Richmond (#2011-0826078) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $2.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, who are correctional officials and health care providers at the jail, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, Plaintiff alleges that he received the wrong medication in September 2011 and that he has been denied needed care and treatment for his severe and lingering adverse reaction.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim with regard to receiving the wrong medication on one occasion; however, Plaintiff will be given the opportunity to submit an amended complaint naming as Defendants those individuals who have allegedly acted with deliberate indifference to his current medical needs.

## FACTS

Plaintiff is an inmate at the Cook County Jail. Plaintiff alleges that on the evening of September 14, 2011, Defendant Franklin, a correctional officer, gave Plaintiff a packet of morning medication issued by the medical staff. Plaintiff was given four packs of medication which were bound together with a rubber band.

Plaintiff confirmed that his name was on the top packet, but he did not bother to check the other prescriptions because he "trusted" the staff and because he needs reading glasses. After dinner, Plaintiff took medication from each of the four packets.

The following morning, Plaintiff awoke to feeling that his head "was about to explode." Plaintiff felt extremely ill, vomited, lost bladder control, suffered from diarrhea, and had elevated blood pressure. Plaintiff's cellmate then noticed that three of the four medications were prescribed to another inmate. [The complaint does not indicate what wrong medications Plaintiff ingested.]

Plaintiff was transported by wheelchair to Cermak Hospital, where doctors checked his vital signs and photocopied the medication packets. However, the medical staff provided no actual treatment.

Plaintiff still suffers from headaches, as well as numbness on one side of his body. However, his requests for medical attention have been ignored. Plaintiff names as Defendants Officer Franklin, Mario Reyes (the superintendent of Plaintiff's housing unit), Sheriff Dart, and the "medical staff" in general.

## DISCUSSION

Plaintiff has no tenable cause of action against either Officer Franklin or the unidentified nurse who supplied the wrong medication packet. In order to state a constitutional claim, Plaintiff's allegations must allow a plausible inference that a Defendant was deliberately indifferent to a substantial risk of serious harm to him. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 (7th Cir. 2010). Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances. However, "[o]ne isolated mistake does not allow a plausible inference of deliberate indifference." *Morrison v. Utz*, No. 11 C 4110, 2012 WL 293548, *2 (C.D. Ill. **(CONTINUED)**

| STATEMENT (continued) |
|---|

Jan. 31, 2012); see also *Ehrenberg v. Wisconsin Dept. of Corrections*, No. 10 C 1022, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010) (prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Davis v. Baker*, No. 08 C 1310, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); *Kirkwood v. Sirin*, No. 06 C 0139, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication on one day); but see *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974) (reversing dismissal of inmate's claim that he was denied proper medical care, where the inmate was mistakenly administered penicillin despite his known allergy to that drug). Although it is most unfortunate that Plaintiff suffered such a drastic adverse reaction to the wrong medication, the error did not rise to the level of a constitutional violation.

The officer, the nurse–and Plaintiff himself, for that matter–all may have been negligent for failing to confirm that the medication in question was being taken by the right inmate. But neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986); see also *Cook v. MSG Haze*, No. 06 C 0841, 2007 WL 4302464, *2 (S.D. Ill. Dec. 7, 2007) (dismissing complaint on preliminary review pursuant to 28 U.S.C. § 1915A where plaintiff alleged receiving wrong medication; while plaintiff asserted that it constituted "medical negligence" for correctional officers to dole out medication to inmates, "a defendant can never be held liable under § 1983 for negligence"). While the incident is regrettable, Plaintiff is not entitled to recovery under 42 U.S.C. § for receiving the wrong medication on one occasion.

Plaintiff also claims that he still is suffering a severe reaction from the ingestion of the wrong medications. If correctional officials in fact are denying Plaintiff needed medical attention for his lingering health problems, then he may be entitled to recovery. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); but see *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). However, Plaintiff has not named a proper Defendant.

Neither the Cook County Sheriff nor Plaintiff's housing superintendent may be held liable for the purported denial of medical care under the facts alleged. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See, *e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." **(CONTINUED)**

**STATEMENT (continued)**

*T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Plaintiff has failed to provide any facts showing the personal involvement of the sheriff or superintendent.

Furthermore, Plaintiff may not proceed against the "Medical Staff" generally. See, *e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Instead, Plaintiff must name as Defendant(s) those specific individuals who have either refused to provide medical care or who have denied Plaintiff access to the health care unit.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form naming as Defendants those who have acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.